Wesley D. Hutchins
*Attorney Pro Se*
7590 N. Mesa Vista Cir.
Eagle Mountain, UT  84005
wesleydhutchins@gmailcom
(385) 441-1236

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*9:37 am, Aug 03, 2021*
**JEFFREY P. COLWELL, CLERK**

---

IN THE UNITED STATES FEDERAL DISTRICT

DISTRICT OF COLORADO

---

| | |
|---|---|
| WESLEY D. HUTCHINS, | VERIFIED COMPLAINT |
| | AND JURY DEMAND |
| Plaintiff, | |
| | Case No.: |
| vs. | |
| | Judge: |
| LARIMER COUNTY, a political subdivision of the State of Colorado, | |
| Defendant. | |

---

Plaintiff, Wesley D. Hutchins, hereby files the following Verified Complaint and Jury Demand, and accordingly against Defendant Larimer County, states, complains, alleges and avers as follows:

## **INTRODUCTION**

On Tuesday evening, July 20, 2021, the worst fear of those who live and recreate in a river canyon, were realized when flash flooding in various tributaries in the Poudre Canyon (west of Fort Collins, along Highway 14), fueled by mud slides from extensive fire scarring from the Cameron Peak Fire of 2020, converged on the Black Hollow Road (milepost 87.3 in the Canyon). The bridge crossing the Poudre River at Profile Rock Road (approximately mile post 89), a little over a mile east of the Black Hollow Road, is the subject of

the present Complaint.

In short, Defendant Larimer County ("Defendant") has issued various notices and orders requiring the complete demolition of the Profile Rock Bridge to take place at approximately 8:00 a.m. on Tuesday, August 3, 2021.  Defendant has indicated that it will pay the cost of the demolition, but it will not pay the cost of replacing the Bridge to its alleged required specifications which are likely to be in the range of approximately $1.5 million to $2.0 million.  This extreme cost is prohibitive to Plaintiff, and on information and belief the other 7 property owners.  Plaintiff and other owners have obtained estimates starting at $76,750 along with preliminary engineering reports, for repairing the Bridge to its pre-flood functional capacity.  These estimates and preliminary reports have been unreasonably rejected by Defendant, and now, even ignoring Plaintiff's appeal rights which Defendant referenced in their own Notice of Imminent Danger, do not expire until August 12, 2021, are unreasonably rushing forward to a complete demolition of the Bridge, in spite of Plaintiff's filing of an appeal to the Larimer County Board of Appeals, and in spite of Defendant's own temporary reinforcement of the Bridge that has been done to permit property owners to access their properties and remove any items of personal property prior to the demolition.

County's position is based on a over broad, and fatally-unsupported assertion that due to the July 20, 2021 flood, the Bridge "is determined to be imminently dangerous and structurally unsafe such that partial or complete collapse is possible and endangers life."  See Order of Demolition.  As set forth below, this finding is unreasonably vague, and unduly broad, and lacks considerable foundation for its support, insofar at it is phrased in terms of "possibility."  If mere "possibility of collapse" is all that is required to establish "imminent danger" to justify demolition, then any bridge at any location on the planet would be subject to demolition, insofar as a

possibility of collapse is ever present.  The County admitted to many of the owners at a Zoom meeting on or about July 26, 2021 (and admitted on television July 31, 2021 at 10:00 p.m.), that they had not even gotten under the bridge to examine the structural soundness of the Bridge, or to confirm whether flood debris was in fact holding up any portion of the Bridge, which County claimed it was.  In addition, further glaring lack of support for County's position of demolition is an admission to Plaintiff and other owners on August 2, 2021, that County surveyors had not come in and run measurements of river channel, width of river, depth of river, to confirm stability, and analyze hydraulic-related information including water flow depth and speed.  County asked permission for surveyors to perform those tasks on August 2, 2021, which begs the question of how an "imminent danger" finding could have ever been reasonably determined as early as July 28, 2021, without such critical findings.  County has rushed to an unreasonable and unsupported finding of "imminent danger" without performing critical tasks to arrive as such a conclusion, and without reasonably considering the short-of-total-demolition options proposed by Plaintiff and other owners.

As causes of action against County, Plaintiff asserts a total of three (3) at this time with a reservation to amend as appropriate based on completion of reasonable further discovery.  These causes of action are: (1) a violation of Plaintiff procedural and substantive due process, including but not necessarily limited to a failure of the County to provide reasonable notice, and a failure to provide a reasonable opportunity to be heard; (2) a failure to reasonably conclude that a total demolition and replacement of the Bridge is necessary (as opposed to a repair), and a failure to reasonably conclude, under the totality of the circumstances, that the Bridge poses an "imminent danger" as alleged in its Order of Demolition and other filings as set forth below; (3) the County

has failed to consider its position (i.e. total demolition and replacement to heightened standards) in light of the Bridge's potential eligibility for registration as a national historic site.

As further referenced below, Plaintiff seeks entry of immediate temporary injunctive relief to stay the scheduled 8/3/21demolition of the Bridge, followed by entry of appropriate preliminary injunctive relief, and finally a full trial on the merits (before a jury) with entry of a final judgment granting permanent injunctive relief and all other remedies and damages consistent with the demands of fairness, justice, and equity.  In support of Plaintiff's Motion for a Temporary Restraining Order, an appropriate Motion and Memorandum in Support is filed concurrently with the filing of the Verified Complaint and Jury Demand herein.

## STATEMENT OF RELEVANT FACTS

### Parties, Juridiction, and Venue

1.  Plaintiff Wesley D. Hutchins is a resident of the State of Utah, but is a co-owner (through The Hutchins Family Trust) with his three (3) siblings, in the property located 94 Profile Rock Road, Bellvue, CO 80512 (second cabin south east of the Bridge, known as "The Cozy Hutch") — Carol Ann Squires, Linda Jones, and Bruce Hutchins.

2.  Carol Ann Squires (sister to Plaintiff), and her husband Kurt Squires are retirees living full time year round at The Cozy Hutch since for the last four (4) years since 2017.  Carol Squires is a signer of the Declaration below, and has expressed a desire to join as a party in the present Complaint, and/or file a motion to intervene in this action, as may be appropriate.

3.  Linda Jones (sister to Plaintiff) is recently retired, and intends begin spending more time at The Cozy Hutch in years to come.  Linda Jones has expressed a desire to join as a party in the present Complaint, and/or file a motion to intervene in this action, as may be appropriate.

4. Bruce Hutchins (brother to Plaintiff), a resident of Texas, is the remaining co-owner of The Cozy Hutch.

5. Astrid (no last name) is a resident of Colordal, and an owner of the first cabin/last property to the south of the Bridge. Astrid spends most of her weekends from Thursday through Sunday at her Profile Rock property. Astrid is a signer of the Declaration below and has expressed a desire to join as a party in the present Complaint, and/or file a motion to intervene in this action, as may be appropriate.

6. Mike and Mary, Barry and Athena Combs, are owners of the only (and first) cabin to the west of the Bridge, use their property seasonally approximately three to four weeks out of the year. The Combs have expressed a desire to join as parties in the present Complaint, and/or file a motion to intervene in this action, as may be appropriate.

7. Defendant Larimer County is a political subdivision of the State of Colorado.

8. Jurisdiction is appropriate in this Court as a federal question of due process under the constitution of the United States, consistent with United States Code 28 Section 1331.

9. Venue is proper in this Court on grounds, including but not limited to, Defendant Larimer County is a political subdivision within the State of Colorado, and the events giving rise to the causes of action set forth herein arise within the State of Colorado, consistent with United States Code 28 Section 1391.

## Statement of Facts

10. The flood at issue in this case occurred on July 20, 2021, at approximately 5:30 to 6:00 p.m.

11. Most significantly affected by the flood were the property owners and residents at Black Hollow Road approximately 1.5 miles west of the Bridge at issue in this case. A true and correct copy of pictures depicting the damage at Black Hollow are attached thereto as Exhibit A. B-1 depicts flood damage before any cleanup. B-2 to B-4 are photos of the Black Hollow area as of August 2, 2021, following partial clean-up.

    a. Of note is the non-existence of a red-tag do-not-cross order, such as what was posted at the Bridge at issue in this case.

    b. Surprisingly, County has said that the Black Hollow Bridge can remain, even though it has a center support pylon, which County has indicated the Bridge at issue here may not have. See below pictures.

12. Impact of high water and debris upon the Bridge at issue here are depicted in Exhibit C. C-1 to C-x represent the condition of the Bridge and surroundings after the initial flood water receded. C-y to C-z represent the condition of the Bridge and surroundings after the County engaged in clean-up of the debris and shoring up of the Bridge to permit residents to have access to their properties. C-x depicts removal of vehicles, including a large 5-wheeler belonging to Astrid. C-x is a photo taken on August 2, 2021, depicting the bridge in the shadow of Profile Rock (see Historical Registry cause of action below).

13. On July 28, 2021, County posted the "Notice of Imminent Danger", attached hereto as Exhibit D.

    a. Numerous of the paragraphs (1 through 7) in this Notice are incorrect/false, as demonstrated by the exhibits, photographs, and factual statements (by declaration) as fully set forth in the pleadings.

      b. Surprisingly, County issued the Notice and reached its other conclusions, without even getting under the Bridge and observing whether any debris was in contact with the bottom (underneath side) of the Bridge.  In reality, it was not, in spite of the County's allegation to the contrary.  Astrid personally went under the Bridge (as did Geoffrey Robinson (see Exhibit H at page 3) and confirmed that the debris was not in contact with the Bridge as the County asserted.  This is important to note because it was not the debris was holding up the north side of the Bridge, but rather its original structures were.

      c. Also, surprisingly, County reached is findings without its surveyors taking necessary measurements and conducting its analysis regarding the water depth and speed.

      d. The Notice states, "ACCORDINGLY, IT IS ORDERED THE PROFILE ROCK BRIDGE IS UNSAFE AND ITS CROSSING IS PROHIBITED.  THE PROFILE ROCK BRIDGE SHOULD BE DEMOLISHED AND REMOVED FORTHWITH."

      e. The Notice also states, as follows with regard to Plaintiff's/owners "Right to Appeal": Any person directly affected by this Notice of Imminent Danger or order shall have the right to appeal to the Larimer County Board of Appeals, provided that a written application of appeal is filed within fifteen (15) days after the date of this Notice of Imminent Danger being posted [believed to be July 28, 2021 date posted, and expiration of 15-day appeal right on August 12, 2021].  An application for appeal shall be based on a claim that the true intent of this Code or the rules legally adopted thereunder have been: 1. The true intent of this Code or the rules incorrectly interpreted; 2. The provisions of this Code do not fully apply; or 3. The requirements of this Code are adequately satisfied by other means[.]. If you choose to appeal, please contact Amy White, Code Compliance Supervisor, 970-498-7708, whitead@co.larimer.co.us."

14. The County posted and served a "Notice of Demolition" on July 28, 2021. See Exhibit F. As noted and discussed above, this Notice incorrectly (or unreasonably) relies on a quotation of the code that is allegedly based on a "collapse [being] possible." This is either an incorrect or unreasonable interpretation of the Code for the reasons discussed above.

15. The County also posted and served a "Order For Demolition" on July 28, 2021, attached hereto as Exhibit G. It suffers from the same mere "possibility" infirmities of the "Notice of Demolition" attached as Exhibit F.

16. In short, County can point to not relevant or reasonable Code provision that defines an "imminent danger" to be based on a "possible collapse." See Exhibits F and G.

17. Plaintiff/owners have obtained an estimate for a Bridge repair in the amount of $76,750.00. Exhibit H at page 2.

    a. Contrary to County's assertion that repairs could be done quickly enough, Front Range Steel indicated that it would only be 1 to 2 days to complete scope drawings, 5 to 7 days to deliver materials after return of approved shop drawings, and 2 to 3 days to set materials and complete the installation. Exhibit H at page 1.

    b. Astrid has at all times, been ready and willing and able (and expressed same to County) to pay cash for the total amount of the repairs to be completed at the amount of $76,750.00. Accordingly funding repairs is not an issue.

    c. Robinson Engineering, via Geoffrey Robinson has presented two (2) repair alternatives one involving installation of two in-river pylons, at pages 3 and 4 of Exhibit H. Notably, Geoffrey Robinson states (under penalty of perjury with is Declaration) that "If the mid-river pier is replaced, and the existing north pier wood posts/bracing repaired, the bridge is effectively in the functional capacity it was in prior to the flood." Exhibit H at page 3. He also states

the "This approach also preserves the historical fabric of the exhibit bridge as much as possible." Exhibit H at page 3.

      d. The second repair alternative proposed by Geoffrey Robinson involves river-width span of steel beams. See Exhibit H at page 5. This proposed design addresses what Plaintiff/owners understand is the County's proposed rebuild load requirements (HS 20 etc) being completed without any center pylons.

18. Plaintiff/owners intend to file as soon as possible in the next one to two days a Notice of Claim with Larimer County, consistent with any requirement under the Colorado Governmental Immunity Act. See Colorado Revised Statutes 24-10-109.

19. Plaintiff/owners also intend to file as soon as possible in the next one to two days an Appeal with the Larimer County Board of Appeals, consistent with the County's appeal rights set forth in the "Notice of Imminent Danger," Exhibit D.

20. Finally, Plaintiff/owners intend to file as soon as possible within the next one to two days a request for registering the Bridge as a National Historic Site, largely due to his close association and proximity to Profile Rock — the name given to the road that goes over the Bridge. Attached hereto as Exhibit I is a copy of excerpts from a book entitled The Poudre: A Photo History. In summary, these copied pages describe the prominence of Profile Rock in history. The Bridge is the only access to Profile Rock. The bridge itself is over 70 years old, is picturesque to the area, and meets many of the eligibility requirements for inclusion in the National Registry of Historic Sites.

21. If the demolition of the Bridge is permitted to go forward, Plaintiff and on information and belief the other owners will not be in a position to pay the exorbitant reconstruction

costs which they understand to be in the range of $1.5 million to $2.0 million and possibly higher. Access is anticipated to be impossible for two or more years.

## CAUSES OF ACTION

### First Cause of Action—Violation of Due Process Rights

22. Plaintiff incorporates as set forth above the statements of fact as set forth in their entirety.

23. Plaintiff has a Fifth Amendment procedural and substantive due process protected rights insofar as the Bridge is concerned, which essentially requires a fair and reasonable opportunity to receive reasonable notice, and a fair and reasonable opportunity to be heard.

24. Defendant's rush to demolish the Bridge under the guise of a "possible collapse" is unfair and unreasonable (thus violating due process rights) on numerous grounds, including but not necessarily limited to:

    a. The Notices of the County are defective because they have not provided Plaintiff a fair and reasonable time to pursue his administrative and judicial remedies;

    b. The County has rushed to a proposed demolition without providing Plaintiff his appeal rights to the Larimer Board of Appeals (not due until August 12, 2021) as stated in its own Notice of Imminent Danger;

    c. The County has not provided Plaintiff/owners a fair and reasonable opportunity to be heard, unreasonably rejecting out of hand Plaintiff's repair estimates and repair designs; and

    d. And other grounds of unfairness and unreasonableness that will be present through further discovery.

### Second Cause of Action — Unreasonableness of County's Findings and Demands

25. Plaintiff incorporates as set forth above the statements of fact as set forth in their entirety.

26. Plaintiff has a common law right to the County reaching is findings and conclusions, including its "imminent danger" finding, based on a reasonableness standard. See *Srb v. Board of County Com'rs Larimer County*, 601 P.2d 1082 (Colo P.2d 1082 (Cool. App. 1979) which concluded that destruction of a person's property is a compensable taking, unless there are conditions of imminent necessity. For reasons set forth above, there are no sufficient conditions of imminent necessity. Under the Srb decision, therefore if Plaintiff can establish that an imminent necessity did not exist, then the governmental entity can be held liable for a taking.

## **Third Cause of Action — Potential Eligibility as Historic Site**

27. Plaintiff incorporates as set forth above the statements of fact set forth in their entirety.

28. The National Historic Preservation Act of 1966, 16 United States Code Section 470, an other potential federal and state statutes, potentially protect the Bridge as a national historic site, and Plaintiff is entitled to pursue its potentially eligibility for such registration, which would prohibit the demotion of the Bridge.

29. Plaintiff refers the Court to Exhibit I, The Poudre: A Photo History, as some of the foundational historical information that qualifies the Bridge, as access to Profile Rock, and as a historical site in and of itself.

30. The County has failed to show that is has considered in any way, the Bridge's potential eligibility as a National Historic Site, and therefore serves as additional grounds for potential damages and/or entry of injunctive relief to permit full consideration of the Bridge for such status.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that all issues of fact so triable, be presented to a jury. Plaintiff understands that under the filing schedule of the Colorado Federal District Court, there is no filing fee for a Jury Demand. If that is inaccurate, Plaintiff is willing to pay whatever jury demand fee is required.

**PRAYER FOR RELIEF**

Based on all of the foregoing, Plaintiff seeks the following relief from the Court:

1. Temporary, preliminary, and ultimately permanent injunctive relief preventing the County's demolition of the Bridge;

2. Monetary damages in the form of special, general, and consequential damages, arising from the County's wrongful conduct with regard to one or more of the foregoing Causes of Action; and

3. Any other relief the Court deems fair and appropriate under the circumstances of this case.

I declare under penalty of perjury, under the law of Colorado, that the foregoing is true and correct. Executed on this 3rd day of August, 2021.

/S/ Wesley D. Hutchins, Attorney Pro Se

I declare under penalty of perjury, under the law of Colorado, that the foregoing is true and correct. Executed on this 3rd day of August, 2021.

/S/ Carol Ann Squires

I declare under penalty of perjury, under the law of Colorado, that the foregoing is true and correct. Executed on this 3rd day of August, 2021.

/S/ Astrid (no last name)